**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------X
VICTOR CONTRERAS,                :
                               :
    PETITIONER,              :
                               :
        -against-           :
                               :        05 Civ. 9022
                               :        02 Cr. 1451
UNITED STATES OF AMERICA,        :
                               :        **OPINION AND ORDER**
    RESPONDENT.              :
                               :
-------------------------------X

APPEARANCES:

    PETITIONER, Pro Se:

    VICTOR CONTRERAS
    # 51674-054
    Federal Correctional Institution
    P.O. Box 2000 -- Unit 5752
    Fort Dix, New Jersey 08640

    For the Respondent:

    MICHAEL J. GARCIA,
    United States Attorney
    Southern District New York
    One Saint Andrew's Plaza
    New York, New York 10007
    Of Counsel: AUSA Raymond Lohier

**John F. Keenan, United States District Judge**

**John F. Keenan, United States District Judge**

Before the Court is the pro se motion of Petitioner Victor Contreras ("Contreras") to vacate, set aside, or correct his sentence pursuant to 18 U.S.C. § 2255. For the reasons that follow, Contreras' petition is denied.

## Background

Prior to October 29, 2002, a Confidential Informant ("CI") alerted members of the Drug Enforcement Task Force ("Task Force") that drugs were being sold from Apartment 3L at 245-247 Wadsworth Avenue in Manhattan (the "Apartment"). The Task Force acted on this information and installed a camera to remotely monitor those entering and exiting the Apartment.

On October 29, 2002, the Task Force, using the remote camera, observed Contreras enter the Apartment. Subsequently, the CI, acting on instructions from the Task Force, entered the Apartment to buy crack cocaine. After the CI exited, he informed the Task Force that he had purchased crack cocaine while inside. The CI also informed the Task Force that four men were in the Apartment — two were cooking crack cocaine and two were counting money.

While the CI informed a Task Force officer of what he had seen, another Task Force officer observed all four men leaving the Apartment. This officer alerted other officers that

Contreras was carrying a plastic bag.

On Contreras then entered a livery cab.  The Task Force followed the cab and pulled it over when it began driving in an erratic manner.  Contreras exited the cab upon a Task Force officer's request.  One officer observed a plastic bag of what appeared to be crack cocaine in Contreras's open jacket pocket.  Contreras was then arrested and read his <u>Miranda</u> rights.  It was later confirmed that the bag contained approximately 435 grams of crack cocaine.  Contreras acknowledged that the drugs were his, but said he found them in a shoe box.

On November 13, 2002, Contreras was indicted on one count of conspiring to distribute and to posses with intent to distribute approximately 435 grams of crack cocaine in violation of 21 U.S.C. § 846.  Contreras was subsequently indicted on a superseder for distributing and possessing with the intent to distribute approximately 435 grams of crack cocaine in violation of 21 U.S.C. §§ 812, 841(a)(1)-(b)(1)(A) and 18 U.S.C. § 2.

On January 6, 2003, Contreras' counsel, David Touger, made a motion to suppress the crack cocaine, claiming it was the fruit of an illegal search.  On May 5, 2003, the Court held a hearing on the motion to suppress, and on May 14, 2003, denied the motion.

On May 21, 2003, Contreras entered an unconditional guilty plea without a plea agreement to both counts of the indictment. The Government, in accord with United States v. Pimentel, 932 F.2d 1029 (2d Cir. 1991), provided Contreras with a letter stating how the United States Sentencing Guidelines (the "Guidelines" or "U.S.S.G.") should be applied.  The letter explained that under U.S.S.G. § 2D1.1(a)(3), Contreras' offense level was 34.  Under U.S.S.G. §§ 3E1.1(a)-(b), Contreras would be entitled to a total reduction of 3 levels for accepting responsibility for his crimes.  Contreras' Criminal History Category was I.  The reduced offense level, 31, and Criminal History Category I, correlated to a Guidelines range of between 108 and 135 months.

However, the government stated that Contreras did not qualify for relief from the statutory mandatory minimum sentence under 21 U.S.C. §§ 841(a)(1)-(b)(1)(A) of 120 months imprisonment.

During the plea proceedings, the Court asked Contreras if he understood the charges against him, if he understood that the statutory  minimum applied to his case, if he was satisfied with his attorney's performance, and if he was offering to plead guilty of his own free will.  Contreras answered all of the above questions in the affirmative.  The Court also explained to Contreras that by pleading guilty he waived certain

4

constitutional rights, including the right to have the government prove his guilt beyond a reasonable doubt. "Do you understand that?" the Court asked. Contreras answered, "Yes." (Tr. 7.)  When asked if in October of 2002 he had a "deal with at least one other person to sell . . . 50 grams and more of crack," Contreras replied, "Yes." (Tr. 13-14.)

The Probation Office's pre-sentencing report agreed with the Government's <u>Pimentel</u> letter that Contreras' Guidlelines range was 108-134 months, and that the statutory minimum of 10 years applied, making the applicable Guidelines range 120-134 months. On November 25, 2003, the Court sentenced Contreras to the bottom of the range, 120 months imprisonment.

Contreras, through Mr. Touger, filed a timely notice of appeal to the Second Circuit.  The appeal focused on the Court's denial of the motion to suppress the crack cocaine.  On September 9, 2004, the Second Circuit issued a summary order dismissing Contreras' appeal on the grounds that he had entered an unconditional guilty plea, meaning he forfeited the right to appeal any non-jurisdictional defect that occurred prior to the entry of the guilty plea. <u>See</u> <u>United States v. Contreras</u>, 110 Fed. Appx. 153, 2004 WL 2029981 (2d Cir. 2004).

On October 5, 2005, Contreras filed the instant habeas petition, in which he makes two claims for relief.  First, he claims Mr. Touger provided ineffective assistance by not moving

the Court to apply U.S.S.G. § 5C1.2, the safety-valve provision, which affords relief from the statutory minimum. Second, Contreras claims Mr. Touger was ineffective because he failed to argue on appeal that the evidence in support of the conspiracy count was insufficient.

The Government contends that Contreras' petition is procedurally barred because Contreras did not raise ineffective assistance of counsel on direct appeal. Before turning to the merits of Contreras' claims, the Court will resolve the threshold procedural issue.

## Discussion

I. Procedural-Default Argument

The general rule is that a petitioner is barred from bringing claims on collateral review that were not raised on direct appeal. United States v. Frady, 456 U.S. 152, 167-68 (1982). However, the Supreme Court, in Massaro v. United States, 538 U.S. 500, 504 (2003), expressly excludes ineffective assistance of counsel claims from this general rule: "We hold that an ineffective-assistance-of-counsel claim may be brought in a collateral proceeding under 2255, whether or not the petitioner could have raised the claim on direct appeal." The Supreme Court reasoned that a habeas petition is often a more appropriate vehicle for ineffective assistance claims because the record has been more fully developed, the case is before the court where the

attorney's conduct was observed first-hand, and defendants are often represented by the same attorney at trial and on direct appeal, making ineffective assistance of counsel claims awkward, if not impossible, on direct appeal. Id.

The case at bar is no exception. The record has now been more fully developed, Mr. Touger represented Contreras both at trial and on direct appeal, and Contreras pleaded guilty before and was sentenced by this Court. Contreras is not procedurally barred from raising ineffective assistance of counsel in his present habeas petition.

II. Contreras' Claims

Both of Contreras' claims in this habeas petition are based on ineffective assistance of counsel. In Strickland v. Washington, 466 U.S. 668 (1984), the Supreme Court established a two-prong test to determine whether the representation provided to a defendant was ineffective. Petitioner must show: "(1) that counsel's representation fell below an objective standard of reasonableness measured by prevailing professional norms; and (2) that there is a reasonable probability that, but for counsel's unprofessional performance, the outcome of the proceeding would have been different." United States v. Gordon, 156 F.3d 376, 379 (2d Cir. 1998). For a defendant to prevail on an ineffective assistance claim he or she must overcome a strong presumption that counsel did act reasonably. Strickland, 466 U.S. at 687-89;

Kimmelman v. Morrison, 477 U.S. 365 (1986) (setting a highly deferential standard of review).  Generally, a petitioner can only prove his counsel was ineffective if his counsel's actions could not possibly be considered sound trial strategy. Michael v. Louisiana, 350 U.S. 91, 101 (1995).

    A. Safety-Valve Claim

Contreras claims Mr. Touger was ineffective by failing to argue at sentencing for safety-valve relief, pursuant to 18 U.S.C. § 3553(f) and U.S.S.G. § 5C1.2.  The safety valve exempts a defendant from a statutory mandatory minimum sentence if he proves to the Court by a preponderance of the evidence that he satisfies five criteria. United States v. Nuzzo, 385 F.3d 109, (2d Cir. 2004).

    The fifth criterion, at issue here, requires that

> not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme of plan . . . ."

18 U.S.C. § 3553(f)(5) and U.S.S.G. § 5C1.2(5).

A defendant must actually disclose relevant information to the Government, not just indicate a desire to disclose such information. United States v. Ortiz, 136 F.3d 882, 883-84 (2d Cir. 1997).  The Second Circuit has emphasized "the defendant's obligation 'to prove to the court that he has provided the requisite information." U.S. v. Gaton, 98 Fed. Appx. 61, 64, 2004

8

WL 1157720, at *2 (2d Cir. 2004) (quoting United States v. Gambino, 106 F.3d 1105, 1110 (2d Cir.1997)).

Contreras claims he disclosed the requisite information to the U.S. Probation Officer assigned to his case during his pre-sentence investigation interview.  There is no contention that Mr. Touger was ineffective for failing to seek a proffer session with an Assistant United States Attorney, and the fact that Mr. Touger claims to have disclosed information to a Probation Officer is meaningless.

As this Circuit and all other Circuits to address the issue have held, the defendant must disclose relevant information to the Government, meaning specifically an Assistant United States Attorney, and not a Probation Officer. United States v. Wood, 378 F.3d 342, 351 (4th Cir. 2004) ("We agree with our sister circuits and hold that a defendant does not meet the requirements of the 'safety valve' provision merely by meeting with a probation officer during the presentence investigation."); Emezuo v. United States, 357 F.3d 703, 706 n.2 (7th Cir. 2004); ("For the purposes of the safety valve, a probation officer does not qualify as 'the government.'"); United States v. Smith, 174 F.3d 52 (2d Cir. 1999) (District Court erred by granting safety-valve relief where defendant "asserted only that he was truthful and forthcoming during his presentence interview with the Probation Department; [but] offered no evidence that he was forthcoming with the

government."); <u>United States v. Contreras</u>, 136 F.3d 1245, 1246 (9th Cir. 1998) (same); <u>United States v. Jimenez Martinez</u>, 83 F.3d 488, 495 (1st Cir. 1996) (same); <u>United States v. Rodriguez</u>, 60 F.3d 193, 196 (5th Cir. 1995) (same).

Therefore, Contreras' argument fails to meet either prong of <u>Strickland</u>. It was not unreasonable for Mr. Touger to omit a meritless argument at sentencing. Nor was Contreras prejudiced by the omission. Had Mr. Touger argued for safety-valve relief based on Contreras' alleged disclosures during the pre-sentence interview with Probation, the argument, as evidenced by the cases cited above, would have failed.

In fact, had Mr. Touger argued for safety-valve relief, he could have prejudiced Contreras by increasing his Guidelines exposure. The disclosure of relevant information can be used not only to secure safety valve relief, but also to enhance a sentence. <u>United States v. Mercedes</u>, 287 F.3d 47, 48 (2d Cir. 2002). Under the Guidelines, if Contreras had disclosed conduct involving just 65 more grams of crack cocaine, his base offense level would have increased from a level 34 to a level 36. U.S.S.G. § 2D1.1(c)(2). A base offense level of 36, reduced 3 levels, as Contreras's actual offense level was, to a 33, carries a sentence of between 135 months to 168 months. Had Contreras been sentenced under this Guidelines range, he could have

received 135 months, fifteen more months than the statutory mandatory minimum of 120 months he received.

    B. <u>Inadequacy of Evidence Supporting the Conspiracy Conviction</u>

    Contreras next claims that Mr. Touger was ineffective for failing to argue on appeal that the evidence was insufficient to support the conspiracy conviction.  Surprisingly, in making this claim, Contreras does not actually argue that the total evidence against him was insufficient.  Instead, Contreras argues the evidence in the case was sufficient, but only because Contreras himself provided information to the Government.  In other words, without the information Contreras claims to have disclosed, the evidence would have been insufficient.

    This argument is circular and without merit.  The fact is Contreras was indicted without having disclosed any information to probation, and he pleaded guilty without having disclosed any information to probation.  When Contreras pleaded guilty he acknowledged he was giving up his right to have the government prove his guilt beyond a reasonable doubt.

    Even more compelling, Contreras waived his right to appeal when he pleaded guilty.  Had Mr. Touger raised this evidentiary challenge on appeal, it would most likely have been summarily dismissed as procedurally barred.  As the Second Circuit held in response to Mr. Touger's appeal of this Court's suppression

ruling: "The plea entered into by Contreras was not made conditional under Rule 11(a)(2)." For that reason, "Contreras's appeal is hereby dismissed." United States v. Contreras, 110 Fed. Appx. 153, 2004 WL 2029981 (2d Cir. 2004).

## Conclusion

Contreras's heabeas petition is denied. As Contreras has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. 28 U.S.C. § 2253; see Perez, 129 F.3d at 259-60; Lozada v. United States, 107 F.3d 1011, 1017 (2d Cir. 1997). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. See Coppedge v. United States, 369 U.S. 438, 445 (1962). This case is closed and the Court directs the clerk of the court to remove this case from the Court's active docket.

**SO ORDERED.**

Dates:   New York, New York
         September 29, 2006

JOHN F. KEENAN
United States District Judge